UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:12-cr-00027-JAW-01 |
| | ) | |
| CAROLE SWAN | ) | |

**ORDER DENYING MOTION FOR RELEASE PENDING APPEAL**

On July 26, 2013, a federal jury found Carole Swan guilty of five counts of making false statements in her federal income tax returns and guilty of two counts of making false statements to obtain federal workers' compensation benefits. *Jury Verdict Form* (ECF No. 167). On September 17, 2013, a second federal jury found Ms. Swan guilty of three counts of Hobbs Act extortion. *Jury Verdict Form* (ECF No. 273). On June 17, 2014, the Court sentenced Ms. Swan to 87 months imprisonment on the Hobbs Act extortion counts, 36 months imprisonment on the tax counts, and 60 months imprisonment on the workers' compensation counts, all to be served concurrently. *J.* (ECF No. 358). At the close of the sentencing hearing, upon Ms. Swan's request, the Court imposed a report date of August 15, 2014 by 2:00 p.m. to surrender for service of sentence at the institution designated by the Bureau of Prisons. *Id.* at 2. On July 21, 2014, Ms. Swan filed an expedited motion for bail pending appeal. *Expedited Mot. for Bail Pending Appeal* (ECF No. 373) (*Def.'s Mot.*). The Government filed an objection on the same day. *Gov't's Opp'n to Def.'s Expedited Mot. for Bail Pending Appeal* (ECF No. 374) (*Gov't's Opp'n*). Ms. Swan replied on

July 22, 2014. *Reply to United States' Resp. to Expedited Mot. for Bail Pending Appeal* (ECF No. 375) (*Def.'s Reply*).

## I. LEGAL STANDARD

Upon conviction and imposition of sentence, the law provides that a defendant who has filed an appeal "be detained" unless "the judicial officer finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and
>
> (B) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in –
> (i) reversal;
> (ii) an order for new trial;
> (iii) a sentence that does not include a term of imprisonment; or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); *United State v. Colon-Munoz*, 292 F.3d 18, 20 (1st Cir. 2002). The burden to demonstrate entitlement to release rests with Ms. Swan. *United States v. Bayko*, 774 F.2d 516, 520 (1st Cir. 1985). In *Bayko*, the First Circuit pointed out that a literal reading of § 3143(b)(1)(B) would present a "Catch-22," as the district court would be required to conclude its own prior ruling was likely to be reversed and, if the court concluded that it had made the wrong decision, it would make the right one. *Id.* at 521-23. The *Bayko* Court concluded that the "likely to result in a reversal or order for a new trial" language is actually a requirement that the issue presented be "a 'close' question or one that very well could be decided the other way." *Id.* at 522-23.

## II. THE PARTIES' POSITIONS

In her motion, Ms. Swan argues that she has demonstrated the appeal "raises a substantial question of law or fact." *Def.'s Mot.* at 7-20. Significantly, however, Ms. Swan addresses only whether the deputies subjected her to a custodial interrogation on February 3, 2011, and whether they violated her Fourth Amendment rights when they searched her cellphone during the events on that date and allegedly recorded a conversation she had on the phone while at the police station. *Id.* Thus, she contends, the Court erred in failing to grant her motion to suppress this evidence. *Id.* at 7-20. In response, the Government points out that even if Ms. Swan is correct about the February 3, 2011 searches, the evidence underlying her convictions for false statements on her tax returns and workers' compensation forms was unrelated to the motion to suppress and therefore any appeal related to the searches will not reduce the three and five year sentences on those counts. *Gov't's Opp'n* at 3 ("The defendant is not contesting her tax and worker[]s' compensation fraud convictions and sentences").

In her reply, Ms. Swan assails the Government's position. *Def.'s Reply* at 2-3. She states that her notice of appeal did not limit the issues that she might bring on appeal, notes that she intends to review full trial transcripts but has not yet received them, and argues that she "is not clairvoyant and cannot at this point in time ascertain what issues will merit raising on appeal." *Id.* at 2. She argues that "it is patently incorrect to ask this Court to deny the bail pending appeal because the

Worker[]s' Compensation and Tax Fraud convictions will stand unchallenged. The notice of appeal does not limit the appeal in any fashion." *Id*. at 3.

## III. DISCUSSION

Ms. Swan is of course correct that the notice of appeal does not, at least at this stage, limit the legal questions that she may elect to present to the Court of Appeals after she has reviewed the trial transcripts. But she is claiming now that she has raised a "substantial question of law or fact" and the only convictions she has provided a legal basis for attacking are the convictions for Hobbs Act extortion. She has not discussed any specific legal error in her tax and workers' compensation fraud convictions. As such, she has failed to sustain her burden of proof for release pending appeal as to those convictions. The Court does not reach her contentions regarding whether she poses a danger to any other person or the community, or regarding whether she has raised a "substantial question of law or fact" under 18 U.S.C. § 3143(b)(1)(B) regarding the evidence relating to her motion to suppress that was admitted during her Hobbs Act case.

## IV. CONCLUSION

Carole Swan has not sustained her burden to demonstrate that she intends to raise a "substantial question of law or fact" as to her tax and workers' compensation fraud convictions on appeal and therefore is not entitled to be released pending appeal.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 24st day of July, 2014