UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:12-cr-00027-JAW-01 |
| | ) | |
| CAROLE SWAN | ) | |

**ORDER DENYING THE DEFENDANT'S MOTION FOR EMERGENCY RELEASE ON BAIL**

On April 24, 2017, Ms. Swan filed a pro se motion for emergency release on bail in order to attend a family member's funeral. The Court denies Ms. Swan's motion because it does not have the authority to grant the requested relief.

**I. BACKGROUND**

On June 13, 2014, the Court sentenced Carole Swan to 87 months imprisonment on each of Counts 1 through 3 of the Superseding Indictment, 36 months on each of Counts 4 through 8 of the Superseding Indictment, and 60 months on each of Counts 9 and 11 of the Superseding Indictment, all to be served concurrently. *Min. Entry* (ECF No. 355); *J.* (ECF No. 358). On April 24, 2017, Ms. Swan filed a pro se motion for emergency release on bail in order to attend her brother's funeral. *Req. for Emergency Release on Bail Based on the Time Sensitive Issue* (ECF No. 446) (*Def.'s Mot.*). The Government objected the same day. *Gov't's Resp. in Opp'n to Mot. for Bail* (ECF No. 447) (*Gov't's Opp'n*).

**II. THE PARTIES' POSITIONS**

   **A.   Carole Swan's Motion**

On April 20, 2017, Carole Swan filed a pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582, as well as a pro se motion for release on bail pending the appeal. *Pro Se Mot. for Bond Pending Appeal* (ECF No. 444); *Pro Se Mot. to Reduce Sentence* (ECF No. 445).

Four days later, Ms. Swan filed another pro se motion requesting that the Court grant an emergency release on bail pursuant to Rules of Appellate Procedure 9(b) and 27, as well as 18 U.S.C. § 3143(b), so that she may attend her brother's funeral pending the disposition of her other two motions before the Court. *Def.'s Mot.* at 1. She requests a "5 day release on bail beginning on Wednesday morning April 26, 2017 or the Tuesday afternoon April 25, 2017 to continue for five days returning on Monday May 1, 2017." *Id.*

### B. The Government's Opposition

The Government objects to Ms. Swan's motion arguing that the Court lacks jurisdiction to grant the requested relief. *Gov't's Opp'n* at 1. It argues that none of the authority cited by Ms. Swan confers on the Court the authority to grant her request for bail to attend her brother's funeral. *Id.* It explains that 18 U.S.C. § 3622 authorizes furloughs in certain circumstances, such as to attend a funeral of a relative, but that the plain language of the statute gives the Bureau of Prisons (BOP) the exclusive authority to grant these furloughs. *Id.* at 2. The Government then lays out the proper procedures for requesting furlough through the BOP. *Id.* at 2–3.

## III. DISCUSSION

The Court's authority to grant temporary release from prison is extremely narrow. For example, while a defendant is awaiting the imposition of sentence, the Court has the authority to grant a temporary release for exceptional circumstances. 18 U.S.C. § 3145(c); *United States v. Kenney*, No. CR-07-66-B-W, 2009 U.S. Dist. LEXIS, at *1 (D. Me. Dec. 30, 2009). However, because Ms. Swan has already been sentenced, this statute does not apply.

After a sentence is imposed, as is the case for Ms. Swan, the law strictly constrains a sentencing court's authority to reduce a sentence and the grounds upon which it may do so. 18 U.S.C. § 3582(c); *United States v. Berg*, No. 1:12-cr-00160-JAW-03, 2016 U.S. Dist. LEXIS 11094, at *7–11 (D. Me. Jan. 28, 2016); *United States v. Larsen*, No. 1:05-cr-00062-JAW, 2013 U.S. Dist. LEXIS 15849, at *4–6 (D. Me. Feb. 6, 2013); *United States v. Leland*, 584 F. Supp. 2d 237, 239 (D. Me. 2008); *United States v. Tyler*, 417 F. Supp. 2d 80, 82–85 (D. Me. 2006). The general rule is that a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The exceptions are very narrowly-drawn. A first exception is where the Director of the BOP moves to reduce a term of imprisonment for "extraordinary and compelling reasons." *Id*. § 3582(c)(1)(A)(i). A second is if the defendant is at least seventy years old, has served at least thirty years in prison, and the Director of the BOP has determined that he is no longer a danger to the safety of any other person or the community. *Id*. § 3582(c)(1)(A)(ii). A third is where there has been a clerical error in the judgment and the motion is made within fourteen days after sentencing.

*Id.* § 3582(c)(1)(B); FED. R. CRIM. P. 35(a). A fourth is where the Government has filed a Rule 35 motion within one year of sentencing to reduce a defendant's sentence for substantial assistance in investigation or prosecuting another person. 18 U.S.C. § 3582(c)(1)(B); FED. R. CRIM. P. 35(b). A fifth is where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A sixth is where a defendant has filed a notice of appeal to the applicable court of appeals and the appeals court has modified the sentence. *Id.* § 3582(b). A seventh is where a defendant in federal custody has filed a petition under 18 U.S.C. § 2255, claiming "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." An eighth is where a federal defendant is challenging the execution of his sentence, such as the administration of parole, computation of a sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions. 28 U.S.C. § 2241; *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). None of the exceptions applies to Ms. Swan's case. Accordingly, the Court does not have the authority to grant Ms. Swan's request for temporary release on bail.

The authority to allow prisoner furloughs rests with the BOP under 18 U.S.C. § 3622. This statute states, in relevant part:

> The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be

4

consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of . . . attending a funeral of a relative.

18 U.S.C. § 3622(a)(2). However, as the Government points out, the language of the statute makes clear that the authority to grant a furlough rests squarely with the BOP. *Id.* ("The Bureau of Prisons may release . . ."); *see also United States v. Premachandra*, 78 F.3d 589, 589 (8th Cir. 1996) ("18 U.S.C. § 3622 vests authority to grant medical furloughs with the [BOP] not the federal courts"); *United States v. Greer*, No. 03-CR-194, 2010 WL 3279335, at *1 (E.D. Wis. Aug. 19, 2010) ("[T]he BOP may release a prisoner for specified purposes, including to visit dying relatives or attend funerals, but nothing in that statute appears to confer similar power on the sentencing court").

As noted by the Government, federal regulations set out the proper procedures for requesting furlough. An inmate may submit a furlough application to staff, who will review it for compliance with the federal regulations and Bureau policy. 28 C.F.R. § 570.37(a). The inmate will be notified of the Warden's decision on the furlough application. *Id.* § 570.37(b). If the application is denied, an inmate may appeal the decision through the Administrative Remedy Program. *Id.* § 570.37(c). Therefore, if Ms. Swan wants to be temporarily released to attend her brother's funeral, she must apply to the BOP for furlough.

## III. CONCLUSION

Accordingly, the Court DENIES Carole Swan's Request for Emergency Release on Bail Based on the Time Sensitive Issue (ECF No. 446).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2017