UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:12-cr-00027-JAW-01 |
| | ) | |
| CAROLE SWAN | ) | |

**ORDER DENYING MOTION FOR BAIL**

The Court denies an incarcerated defendant's request for bail pending resolution of her motion for reduction of sentence. The Court does not have the legal authority to release her because her sentence has long since been imposed and her appeal has long since been decided.

I.  **BACKGROUND**

On February 29, 2012, a federal grand jury issued a multi-count indictment against Carole Swan, charging her with—among other things—Hobbs Act extortion, tax fraud and false statements, and false statements to obtain federal workers' compensation benefits. *Indictment* (ECF No. 1). On March 28, 2013, a federal grand jury issued a superseding indictment against her. *Superseding Indictment* (ECF No. 112). On July 26, 2013, a federal jury found Ms. Swan guilty of five counts of making false statements on her federal income tax returns and guilty of two counts of making false statements to obtain federal workers' compensation benefits. *Jury Verdict Form* (ECF No. 167). On September 17, 2013, a second federal jury found Ms. Swan guilty of three counts of Hobbs Act extortion. *Jury Verdict Form* (ECF No. 273). On June 17, 2014, the Court sentenced Ms. Swan to 87 months imprisonment on the Hobbs

Act extortion counts, 36 months imprisonment on the tax counts, and 60 months imprisonment on the workers' compensation counts, all to be served concurrently. *J.* (ECF No. 358).

On June 20, 2014, Ms. Swan filed a notice of appeal to the United States Court of Appeals for the First Circuit. *Notice of Appeal* (ECF No. 360). On appeal, Ms. Swan raised a single issue: whether suppression of her interview with two sheriff's deputies was required. *United States v. Swan*, 842 F.3d 28, 29 (1st Cir. 2016). On November 21, 2016, the First Circuit affirmed Ms. Swan's convictions. *Id.* at 34. She did not challenge her sentence. *Id.*

On April 20, 2017, Ms. Swan, acting pro se, filed two motions with the Court.[1] *Mot. for Bail* (ECF No. 444) (*Swan Bail Mot.*); *Mot. for Reduction in Accordance to 18 U.S.C. [§] 3582* (ECF No. 445).[2] On May 5, 2017, the Government responded. *Gov't's Resp. in Opp'n to Def.'s 18 U.S.C. § 3582 Mot. and for Bail* (ECF No. 450). On May 18, 2017, Ms. Swan filed a reply. *Pet'r's Rebuttal of Gov't's Opp'n of Bail Pending Final Disposition and the Lawful Correction of Sentencing* (ECF No. 451). On June 23, 2017, Ms. Swan filed a motion requesting a status update on her motion for bail. *Req. for Status of Mot. for Bail Pending Final Disposition of 18 U.S.C. [§] 3582 Decision Rendered* (ECF No. 452).

---

[1]  Ms. Swan filed a third motion, a request for emergency release on bail, on April 24, 2017. *Req. for Emergency Release on Bail Based on the Time Sensitive Issue* (ECF No. 446). On April 25, 2017, the Court denied this motion. *Order Denying the Def.'s Mot. for Emergency Release on Bail* (ECF No. 448).

[2]  The Court ordered the Government to respond to the merits of the motion for reduction of sentence and will address this motion once further briefing is complete. *See Am. Order Granting Mot. to Supplement Resp.* (ECF No. 454).

## II. DISCUSSION

Although Ms. Swan is understandably anxious to obtain an order releasing her from incarceration while her motion for reduction of sentence is being resolved, the brief answer is that the Court does not have the authority to release her. The Bail Reform Act does not allow a sentencing court to release a defendant once a sentence has been imposed and once any appeal has been resolved. *See* 18 U.S.C. §§ 3141 *et seq.* (release pending trial, sentence, and appeal).

Despite this clear bar, Ms. Swan contends that the Court is authorized to release her on bail while her motion for a reduction in her sentence is pending. *Swan Bail Mot.* at 1. To this end, she cites 18 U.S.C. § 3143. But by its terms, § 3143 applies to release only pending the imposition of sentence, § 3143(a), or pending appeal, § 3143(b). The Court sentenced Ms. Swan on June 17, 2014 and the Court of Appeals resolved her appeal on November 21, 2016. Therefore, § 3143 does not apply to Ms. Swan or authorize the Court to grant her bail at this time.

Ms. Swan also cites Federal Rule of Appellate Procedure 9 as authority for her request for bail. However, Federal Rule of Appellate Procedure 9 authorizes a district court or a court of appeals to release a defendant pending an appeal, not after the appeal has been resolved. FED. R. APP. P. 9.

Finally, Ms. Swan cites Federal Rule of Appellate Procedure 27 as authority for her request for bail. Federal Rule of Appellate Procedure 27 is merely a general rule about the proper procedure for filing motions for relief while a case is pending on

appeal. FED. R. APP. P. 27. This rule does not authorize this Court to order Ms. Swan's release from incarceration at this time.

In short, Ms. Swan cites no authority for the proposition that while a motion to reduce a final sentence is pending, the sentencing judge is authorized to release an incarcerated defendant on bail. Furthermore, the Court is unaware of any authority that would allow it to grant Ms. Swan the relief she is now requesting and release her on bail. Accordingly, the Court must deny Ms. Swan's motion for bail.

## III. CONCLUSION

The Court DENIES Carole Swan's Motion for Bail (ECF No. 444).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of July, 2017