UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-cr-00027-JAW-01 |
| | ) | |
| CAROLE SWAN | ) | |

**ORDER ON SECOND EMERGENCY MOTION
FOR BAIL AND STATUS REPORT**

The Court denies an inmate's emergency request for bail pending the resolution of her habeas corpus petition because it concludes she fails to make the extraordinary showing necessary to justify immediate release.

**I.  BACKGROUND**

On February 29, 2012, a federal grand jury issued a multi-count indictment against Carole Swan, charging her with—among other things—Hobbs Act extortion, tax fraud and false statements, and false statements to obtain federal workers' compensation benefits. *Indictment* (ECF No. 1). On March 28, 2013, a federal grand jury issued a superseding indictment against her. *Superseding Indictment* (ECF No. 112). On July 26, 2013, a federal jury found Ms. Swan guilty of five counts of making false statements in her federal income tax returns and guilty of two counts of making false statements to obtain federal workers' compensation benefits. *Jury Verdict Form* (ECF No. 167). On September 17, 2013, a second federal jury found Ms. Swan guilty of three counts of Hobbs Act extortion. *Jury Verdict Form* (ECF No. 273). On June 14, 2014, the Court sentenced Carole Swan to eighty-seven months of imprisonment

on Hobbs Act extortion counts, thirty-six months of imprisonment on tax counts, and sixty months of imprisonment on workers' compensation counts. *J.* (ECF No. 358).

On June 20, 2014, Ms. Swan filed a notice of appeal to the Court of Appeals for the First Circuit. *Notice of Appeal* (ECF No. 360). On appeal, Ms. Swan raised a single issue: whether suppression of her interview with two sheriff's deputies was required. *United States v. Swan*, 842 F.3d 28, 29 (1st Cir. 2016). On November 21, 2016, the First Circuit ruled that it was not and affirmed Ms. Swan's convictions. *Id.* at 34.

On April 20, 2017, Ms. Swan, acting pro se, filed two motions with the Court.[1] *Mot. for Bail* (ECF No. 444)[2]; *Mot. for Reduction in Accordance to 18 U.S.C.[ § ]3582* (ECF No. 445) (*Swan Mot.*). On May 5, 2017, the Government responded and requested leave to supplement its response in the event that the Court reaches the merits of Ms. Swan's motion, which the Court granted on June 27, 2017. *Gov't's Resp. in Opp'n to Def.'s 18 U.S.C. § 3582 Mot. and for Bail* at 2 n.1 (ECF No. 450) (*Gov't's Opp'n*); *Am. Order Granting Mot. to Suppl. Resp.* (ECF No. 454). On May 18, 2017, Ms. Swan filed a reply. *Pet'r's Rebuttal of Gov't's Opp'n of Bail Pending Final Disposition and the Lawful Correction of Sentencing* (ECF No. 451) (*Swan Reply*). On July 11, 2017, the Government supplemented its response to Ms. Swan's motion. *Gov't's Suppl. Resp. in Opp'n to Def.'s 18 U.S.C. § 3582 Mot.* (ECF No. 456) (*Gov't's*

---

[1] Four days later, Ms. Swan filed a third motion, a request for emergency release on bail. *Req. for Emergency Release on Bail Based on the Time Sensitive Issue* (ECF No. 446). On April 25, 2017, the Court denied this motion. *Order Denying the Def.'s Mot. for Emergency Release on Bail* (ECF No. 448).
[2] The Court denied the motion for bail on July 5, 2017. *Order Denying Mot. for Bail* (ECF No. 455).

*Suppl. Resp.*). On July 24, 2017, Ms. Swan filed a supplemental reply. *Reply to Gov't's Suppl. Resp. of Opp'n of 18 U.S.C. 3582 Mot. for Reduction of Sentence* (ECF No. 457) (*Swan Suppl. Reply*).

On September 28, 2017, Ms. Swan filed a motion for a status report concerning her motion for reduction of sentence. *Req. for Status of the Mot. Pending for Correction in the Reduction of Sentence* (ECF No. 458). On September 30, 2017, the Court granted her request for a status report, indicating that the Court was working on the order and could say no more. *Order on Mot. for Status Report* (ECF No. 459). On October 4, 2017, the Court issued a *Castro* Order, stating that it was treating her 18 U.S.C. § 3582 motion as an 18 U.S.C. § 2255 motion, making the rules against a second or successive petition applicable to her pending petition and giving Ms. Swan an opportunity to withdraw or amend her motion. Castro *Order* (ECF No. 460). On October 13, 2017, Ms. Swan affirmed that she agreed with the recharacterization of her § 3582 motion. *Pet'r Carole Swan's Resp. to the Honorable Ct.'s Order of Conversion Regarding the 18 U.S.C. [§] 3582 to 28 U.S.C. [§] 2255* (ECF No. 461).

On October 23, 2017, Ms. Swan filed an emergency motion for release by bail pending the Court's decision on the pending motions. *Emergency Mot. for Release by Bail Pending a Decision of the Honorable Ct.* (ECF No. 464). On October 25, 2017, the Government responded to Ms. Swan's emergency motion for bail. *Gov't's Resp. in Opp'n to Def.'s Emergency Mot. for Bail* (ECF No. 465). On November 13, 2017, Ms. Swan filed a reply to the Government's opposition to her emergency motion for

release. *Pet'r's Resp. and Rebuttal to Gov't's Opp'n of Emergency Mot. for Release by Bail Pending a Decision of the Honorable Ct.* (ECF No. 469).

Meanwhile, on October 26, 2017, the Magistrate Judge ordered the Government to file a response to the pending § 2255 petition. *Order to Ans.* (ECF No. 466). On October 27, 2017, the Government filed its opposition to Ms. Swan's § 2255 petition. *Opp'n of the United States of Am. to 28 U.S.C. § 2255 Pet.* (ECF No. 467). Finally, on November 24, 2017, Ms. Swan requested a status report from the Court on her emergency motion for release on bail. *Req. for Status of the Mot. for Release on Bail Pending the Ct.'s Decision for Correction in the Reduction of Sentence* (ECF No. 470).

## II. DISCUSSION

In this Order, the Court addresses only Ms. Swan's emergency motion for bail. "[A] district court entertaining a petition for habeas corpus has inherent power to release the petitioner pending determination of the merits." *Woodcock v. Donnelly*, 470 F.2d 93, 94 (1st Cir. 1972). However, to be entitled to bail while a habeas corpus proceeding is pending, the petitioner must make an "extraordinary . . . showing." *Layne v. Gunter*, 559 F.2d 850, 851 n.2 (1st Cir. 1977). At a minimum, she must demonstrate a "likelihood of success on the merits." *Woodcock*, 470 F.2d at 94. As Justice William O. Douglas wrote:

> This applicant is incarcerated because he has been tried, convicted, and sentenced by a court of law. He now attacks his conviction in a collateral proceeding. It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial

4

> determination of guilt. In this kind of case it is therefore necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice.

*Glynn v. Donnelly*, 470 F.2d 95, 97-98 (1st Cir. 1972) (quoting *Aronson v. May*, 85 S. Ct. 3, 6-7 (1964)) (citations omitted).

At the same time, the First Circuit Court of Appeals warned against a "pre-judgment on the merits." *Woodcock*, 470 F.2d at 94. Without prejudging the final merits of Ms. Swan's habeas corpus petition, the Court does not conclude that she has presented a "likelihood of success" on the merits nor that she has presented an application that is "exceptional and deserving of special treatment in the interests of justice."

The Court is separately considering the merits of the pending petition and will assess whether Ms. Swan presents a case for immediate release on bail on a non-emergency basis during its discussion of her § 2255 petition, but it has concluded that she has failed to demonstrate a proper basis for emergency release.

## III. CONCLUSION

The Court GRANTS Carole Swan's Request for Status of the Motion for Release on Bail Pending the Court's Decision for Correction in the Reduction of Sentence (ECF No. 470), and it DENIES her Emergency Motion for Release by Bail Pending a Decision of the Honorable Court (ECF No. 464).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of November, 2017