UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CAROLE SWAN, ) | |
| ) | No. 1:12-cr-00027-JAW-1 |
| Petitioner ) | No. 1:17-cv-00405-JAW |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

# ORDER AFFIRMING THE
# RECOMMENDED DECISION OF THE MAGISTRATE JUDGE AND
# DENYING MOTION REITERATED REQUEST FOR BAIL

The Court affirms the recommended decision of the Magistrate Judge to deny an inmate's habeas corpus petition, which is based on the inmate's contention that the United States Supreme Court case of *McDonnell v. United States*, __ U.S. __, 136 S. Ct. 2355 (2016), invalidates her three convictions for committing Hobbs Act extortion in violation of 18 U.S.C. § 1951(a). *McDonnell* does not provide the inmate any relief because she was convicted of taking bribes as town selectman in return for facilitating a town contract in favor of the person from whom she received money, and these official acts fit squarely within the category of an "official act" under 18 U.S.C. § 201 as the Supreme Court clarified in *McDonnell*.

## I. RECOMMENDED DECISION ON § 2255 PETITION

The United States Magistrate Judge filed with the Court on February 15, 2018, his Recommended Decision (ECF No. 472). *Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 472) (*Recommended Decision*). Ms. Swan filed her objection to the Recommended Decision on March 9, 2018 (ECF No. 475). *Pet'r's Mandatory*

*Objection to Magistrate's Recommended Decision* (ECF No. 475) (*Swan Objection*). The Government filed its response to the objections on March 19, 2018 (ECF No. 476). *Gov't's Resp. in Opp'n to Def.'s Objection to Recommended Decision Denying for Mot. for Reduction* (ECF No. 476) (*Gov't's Resp.*).

A. **Bias**

In her objection, Ms. Swan claims that the Magistrate Judge demonstrated "clear[] bias" when he "failed the full review of the merits of the meritorious submission of cause, new legal precedent and facts that allow for the consideration of vacating the Hobbs Act conviction and the correction of a sentencing error." *Swan Objection* at 1. The Court soundly rejects Ms. Swan's unsupported assertion that the Magistrate Judge exhibited bias against her because he ruled against her. As for her claim that the Magistrate Judge failed to perform a full review of her § 2255 petition, this is simply incorrect. The Magistrate Judge issued a sixteen-page recommended decision in which he carefully analyzed Ms. Swan's arguments, considered the potential impact of *McDonnell v. United States*, __ U.S. __, 136 S. Ct. 2355 (2016), and the cases that have interpreted *McDonnell*. Reaching a legal conclusion contrary to what one party is arguing is not evidence of bias. The Court rejects Ms. Swan's bias contentions.

B. **Collateral Attack**

In her objection, Ms. Swan appears to quote *United States v. Billy-Eko*, 8 F.3d 111 (2d Cir. 1993):

> It is substantially agreed (with other circuits) that in most cases there
> is good reason to allow a defendant to make claims on collateral attack

even if those claims were not brought to direct appeal.

*Swan Objection* at 2 (quoting *Billy-Eko* []). But Ms. Swan misquotes the Second Circuit. The correct quotation is:

> We substantially agree that in most cases there is good reason to allow a defendant to make ineffective assistance claims on collateral attack even if those claims were not brought on direct appeal. We therefore join other circuits in allowing petitioners in most cases to make those claims under § 2255, subject to the limitation discussed below.

*Billy-Eko*, 8 F.3d at 114.

Ms. Swan's misquotation is significant because her § 2255 petition is not based on alleged ineffective assistance of counsel. It is based on the potential impact of *McDonnell*, a case the United States Supreme Court decided on June 27, 2016, after Ms. Swan's Hobbs Act trial in September 2013. *Mot. for Reduction in Accordance to 18 U.S.C. [§] 3582* at 5 (ECF No. 462) ("In consideration of the aforementioned, The Petitioner respectfully requests the Honorable District Court to give particular weight in what has been expressly recognized by the Supreme Court in McDonnell v. United States, supra as the legal basis to reduce and correct the sentence imposed"). Indeed in footnote 6, the Magistrate Judge explained that if Ms. Swan's claim were based on ineffective assistance of counsel, it would still be non-meritorious. *Recommended Decision* at 8 n.6. In any event, the Magistrate Judge reached the nub of Ms. Swan's argument when he discussed whether she suffered any prejudice. *Id.* at 9-12.

C.  **The Attorney Representation Contract for Appeal**

On October 23, 2017, Ms. Swan filed a second motion to be allowed out on bail.

3

*Emer. Mot. for Release by Bail Pending a Decision of the Honorable Court* (ECF No. 464). On October 25, 2017, the Government filed a response. *Gov't's Resp. in Opp'n to Def.'s Emer. Mot. for Bail* (ECF No. 465). On November 13, 2017, Ms. Swan filed her reply. *Pet'r's Resp. and Rebuttal to Gov't's Opp'n of Emer. Mot. for Release by Bail Pending a Decision of the Honorable Court* (ECF No. 469). In filing her reply, Ms. Swan attached a copy of an Agreement for Representation of Carole Swan on Appeal in the First Circuit. *Id.* Attach. 2, *Agreement for Representation of Carole Swan on Appeal in the First Circuit* at 1-5. In her reply, Ms. Swan explained that the reason she attached a copy of her agreement with her attorney was because it "revealed to the honorable court the knowledge and the understanding of credibility of the Petitioner in raising these issues legally allowed in the 2255." *Id.* at 3. On November 29, 2017, this Court denied Ms. Swan's second emergency motion for bail and status report. *Order on Second Emer. Mot. for Bail and Status Report* (ECF No. 471).

Ms. Swan's habeas petition under § 2255 proceeded separately. Ms. Swan filed her habeas petition on April 20, 2017. *Mot. for Reduction in Accordance to 18 U.S.C. § 3582* (ECF No. 445). On October 4, 2017, the Court issued a *Castro* order, Castro *Order* (ECF No. 460), and on October 13, 2017, Ms. Swan responded to the *Castro* order. *Pet'r Carole Swan's Resp. to the Honorable Court's Order of Conversion Regarding the 18 U.S.C. [§] 3582 to 28 U.S.C. [§] 2255* (ECF No. 461). Ms. Swan filed a second petition on October 13, 2017. *Mot. for Reduction in Accordance to 18 U.S.C. [§] 3582* (ECF No. 462). After being ordered to respond, *Order to Answer* (ECF No. 466), on October 27, 2017, the Government responded. *Opp'n of the United States of*

4

*Am. to 28 U.S.C. § 2255 Pet.* (ECF No. 467). On February 15, 2018, the Magistrate Judge issued his recommended decision. *Recommended Decision.*

Regarding Ms. Swan's complaint that the Magistrate Judge failed to consider the representation contract, the point of this recitation of the history of this petition is that Ms. Swan never presented evidence of her contract with Attorney Darla Mondou as part of her § 2255 argument, so the Magistrate Judge properly did not consider it. Ms. Swan only presented the contract with her attorney as part of her argument for being released on bail. Moreover, the sole reason she attached the contract to her motion for bail was to substantiate her credibility.

It is true that in Ms. Swan's Objection to the Recommended Decision, she attached a copy of her Agreement for Representation for her appeal with her Objection. *Obj. to R & R*, Attach. 1 (ECF No. 475). However, because Ms. Swan did not include this exhibit in her initial § 2255 filing or in her subsequent § 2255 filings, and did not allow the Magistrate Judge an opportunity to review this exhibit as part of her § 2255 argument, the Court will not consider it. *Borden v. Sec'y of Health and Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (per curiam) (internal quotation marks and citation omitted) ("Parties must take before the magistrate, not only their best shot but all of their shots"); *Stile v. Somerset Cty.*, No. 1:13–cv–00248–JAW, 2015 WL 667814, at *2 (D. Me. Feb. 17, 2015).

At the same time, if the Court considered her contract with her post-conviction attorney, it would not change its decision on Ms. Swan's objection to the Recommended Decision. At most, the agreement establishes that at one point, Ms.

5

Swan and her then counsel, Attorney Mondou, considered appealing the Hobbs Act convictions. For whatever reason, Attorney Mondou appealed only the denial of her motion to suppress the evidence, not the Hobbs Act convictions themselves. The Court is unclear why a contract of legal representation which allowed appellate counsel to argue on appeal a variety of issues, not all of which she later pursued on appeal, should alter the analysis of the merits of Ms. Swan's § 2255 petition.

### D. "Official Act"

Ms. Swan's main objection is that the Court's jury instructions did not contain any definition of "official act." *Swan Objection* at 3 ("[In *McDonnell*], the Supreme Court decision, the justices unanimously held that jury instructions regarding the definition of the 'official acts' exchanged for payments was too expansive to uphold the former governor's conviction. The high court stated that the definition of 'official act' [m]ust be narrowed to include only a decision or action and must be 'a formal exercise of government power'"). Fair enough.

But Ms. Swan does not adequately respond to the Magistrate Judge's conclusion that even if the jury instructions in her trial had contained a narrower definition of "official act," there is no prejudice because her "conduct falls squarely within the category of 'official acts' as clarified by *McDonnell*." *Recommended Decision* at 11 (quoting *United States v. Ciavarella*, No. 3:09-CR-272, 2018 WL 317974, at *13, 2018 U.S. Dist. LEXIS 2785, at *38 (M.D. Pa. Jan. 8, 2018)). Specifically, in *United States v. Repak*, 852 F.3d 230 (3d Cir. 2017), the Third Circuit wrote that "facilitation of the award of [municipal] contracts is an 'official act' as

6

defined by the Supreme Court." *Id.* at 254; *see United States v. Skelos*, 707 F. App'x 733, 739 (2d Cir. 2017) ("Using one's influence as a high ranking state official to push through county legislation and to bestow a county-issued contract are indisputably formal exercises of governmental power constituting official acts under *McDonnell*"); *United States v. Heard*, No. H-07-114, H-16-3189, 2018 U.S. Dist. LEXIS 104281, at *12 (S.D. Tx. May 4, 2018) ("Here, the evidence recited by the Fifth Circuit Court of Appeals in affirming Heard's conviction falls within the type of conduct the Supreme Court explained in *McDonnell* would constitute an 'official act'") (emphasis in original); *Miserendino v. United States*, 307 F. Supp. 3d 480, 485 (E.D. Va. 2018) (providing advice and recommendations about who should receive a government contract remains an "official act" under *McDonnell*). Ms. Swan's protestations to the contrary are in essence disagreements with the jury verdicts in her case, and do not implicate *McDonnell*.

### E. Other Issues

The Court reviewed Ms. Swan's remaining contentions and concluded that the Magistrate Judge's Recommended Decision fully and properly discusses and disposes with her other objections, and the Court adopts in full the Magistrate Judge's Recommended Decision on those issues.

### F. Summary

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record. The Court made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision, and

concurs with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and for the reasons set forth in this Order, and the Court determines that no further proceeding is necessary.

II. **REITERATED REQUEST FOR JUDICIAL CONSIDERATION OF BAIL**

The Court also denies Ms. Swan's Reiterated Request for Judicial Consideration of Bail. *Reiterated Req. for Judicial Consideration of Bail* (ECF No. 478). On October 23, 2017, Ms. Swan filed a second Emergency Motion for Release by Bail. *Emergency Mot. for Release by Bail Pending a Decision of the Honorable Ct.* (ECF No. 464). In its Order addressing that motion, the Court stated that "it will assess whether Ms. Swan presents a case for immediate release on bail on a non-emergency basis during its discussion of her § 2255 petition." *Order on Second Emergency Mot. For Bail and Status Report* at 5 (ECF No. 471). After that Order, on April 16, 2018, Ms. Swan filed a reiterated request for judicial consideration of bail. Given that the Court denied Ms. Swan's § 2255 motion, she has not shown a "likelihood of success on the merits" to entitle her to bail. *Woodcock v. Donnelly*, 470 F.2d 93, 94 (1972). Nor has Ms. Swan shown that her case is "exceptional and deserving of special treatment in the interests of justice." *Glynn v. Donnelly*, 470 F.2d 95, 97-98 (1st Cir. 1972) (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (citation omitted)).

III. **CONCLUSION**

1. It is therefore <u>ORDERED</u> that the Recommended Decision of the Magistrate Judge (ECF No. 472) is hereby <u>AFFIRMED</u>.

2. Accordingly, it is hereby <u>ORDERED</u> that Carole Swan's 28 U.S.C. § 2255

8

Motion (ECF No. 462) be and hereby is <u>DENIED</u>.

3. It is further <u>ORDERED</u> that no certificate of appealability should issue in the event the Carole Swan files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

4. Carole Swan's Reiterated Request for Judicial Consideration of Bail (ECF No. 478) is <u>DENIED</u>.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of October, 2018